## Petition for Rehearing.

## C. F. Schmidt v. J. G. Oliges.

[Abstract Kentucky Law Reporter, Vol. 6—297.]

**Homestead Right.**

One by mortgage may waive his right to a homestead in the property mortgaged but when in foreclosure the real estate has to be sold because not such as can be divided, the claimant is entitled to the excess purchase money for reinvestment in a homestead and his creditors can not take it from him by alleging that it is his intention not to invest it but to spend it or squander it.

### APPEAL FROM LOUISVILLE· CHANCERY COURT.

November 15, 1884.

Response by Judge Pryor:

The suggestions made by counsel for appellant require a response more from the confidence manifested by him in the correctness of the views presented, than in the belief that this court has failed to recognize the issue involved. The creditor by his answer alleges that the debtor does not in good faith intend to appropriate the money to the purchase of a homestead but on the contrary intends to expend and use it for other purposes, etc.

In the opinion this court held that such an averment required no response, the foundation of the debtor's claim being that he was entitled to the money to enable him to buy a homestead and not that he intended to buy one. Counsel presents the law of the case in his petition in a clearer light than this court has done but in applying the law to the facts reached a conclusion clearly erroneous.

"A sale of the property, says counsel, can not increase the claimant's right and it makes no difference whether he sells it himself or causes the chancellor to sell it. In either case it is simply a change in the character of the property to which the exemption applies. In one case it is the realty, in the other it is the money that represents the realty. And as to the realty this court has said that the right of exemption depends upon the present and actual purpose and intention of the debtor to use and enjoy the property sought to be exempted as a home for himself and family."

The above is a quotation from the petition for a rehearing. The question is again asked, "If the debtor can not claim the exemption

on realty if he intends to abandon the use of it as a homestead why is he entitled to the exemption in money if he has declared his intention to abandon the use of it for the purpose of buying a homestead?" In response to this inquiry we have to say, that no case can be found, certainly no case in this state, where the mere intention of the debtor to abandon or leave his homestead will authorize the creditor to seize it and subject it to sale for the payment of his debt. He may avow his purpose of selling his homestead and invest the money in merchandise and still this will not authorize a seizure of the homestead or the proceeds of sale by the creditor until invested in goods or used so as to make it subject to execution. The case cited by counsel was where the debtor and his family were permanently located elsewhere than the place claimed as a homestead. The debtor had not merely declared an intention to abandon it, but had abandoned it and was living at some other place. Suppose he had never left it but merely declared his intention to do so, will it be maintained that it could be subjected to the payment of the debt. In the case before us the homestead right existed in the land. It was sold because it was indivisible, says counsel. In such a case the money represents the realty. This is true and for that reason the exemption is not lost by a mere declaration of an intention not to use the money in buying another homestead. Suppose the intention to sell had been expressed while it was realty this would not forfeit the right to the exemption. Then when the chancellor converts it into money it still represents the realty for all the purposes of a homestead and a declaration of intention of the debtor can not affect him to any greater extent than it would had the homestead not been sold. He could sell the homestead regardless of the creditor's claim. When the chancellor converts it into money by reason of its being indivisible, the homestead right still exists. The debtor can sell it then just as he could have done if no sale had been made. To use the language of counsel, it is only a change in the character of property. He is in the possession of his homestead when converted into money in a legal sense in the same manner that he was before sale. It is his, free from debts, to give, sell, or dispose of as he may think best. He may invest it in other property or use it in speculation showing an abandonment of his right or a conversion into property subject to execution. In such a case the creditor can seize it.

Petition *overruled.*
*Richards & Baskin, for appellant.*
*P. A. Gaertner, for appellee.*